Gregg A. Paradise
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel.:   908.654.5000
Fax:   908.654.7866

*Attorneys for Plaintiff Cosmetic Warriors Limited*

**Document Filed Electronically**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| COSMETIC WARRIORS LIMITED, | : |
| | : Civil Action No. |
| Plaintiff, | : |
| v. | : |
| | : |
| LUSH BEAUTY BAR, LLC, | : **JURY TRIAL DEMANDED** |
| | : |
| Defendant. | : |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Cosmetic Warriors Limited for its complaint against Defendant Lush Beauty Bar, LLC alleges as follows:

### THE PARTIES

1. Plaintiff Cosmetics Warriors Limited ("Cosmetic Warriors") is a company organized and existing under the laws of the United Kingdom, with its principal place of business at 29 High Street, Poole, Dorset BH15 1AB in the United Kingdom. Cosmetic Warriors has extensive operations in the United States, including over 200 LUSH branded retail stores and a website at www.lushusa.com.

2. Upon information and belief, Defendant Lush Beauty Bar, LLC is a domestic limited liability company formed in the State of New Jersey, and operates a business known as

Lush Beauty Bar, within this district at 12 East Main Street, Clinton, New Jersey, 08809 (hereinafter "Defendant").

## NATURE OF ACTION AND JURISDICTION

3. This is an action for trademark infringement and unfair competition brought pursuant to Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), New Jersey Statute Section 56:3-13.16 and 13.20 and the common law of the State of New Jersey.

4. This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over Cosmetic Warriors' claims under state law under 28 U.S.C. § 1367(a). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of the United Kingdom and a citizen of the State of New Jersey.

5. This Court has personal jurisdiction over Defendant because *inter alia* Defendant is a New Jersey limited liability company, Defendant does business in this judicial district and the conduct of Defendant complained of in this Complaint occurred in this judicial district.

6. Venue is proper in this district under 28 U.S.C. § 1391.

## FACTS

### A. Cosmetic Warriors And Its LUSH Marks

7. Cosmetic Warriors owns the LUSH cosmetics brand, which is one of the world's premier brands of bath, hair care, skin care, and beauty products made from natural, wholesome ingredients. LUSH branded products are sold from over 200 LUSH branded retail stores operated in the United States, from its retail stores in many foreign countries, as well as via its catalogs and Internet websites. The LUSH brand has a reputation of providing fresh, handmade bath, hair care, skin care, and beauty products and services. Over the last several years, the

LUSH brand's sales and presence in the United States has grown substantially and Cosmetic Warriors is one of the nation's best known retail providers of bath, hair care, skin care, and beauty products and services.

8. Cosmetic Warriors has been commercially using the LUSH mark in the United States since at least as early as 1995 and has used its LUSH FRESH HANDMADE COSMETICS and DESIGN mark in the United States since at least 2002. Cosmetic Warriors has used these trademarks in connection with cosmetic preparations and related products in the nature of skin creams and moisturizers, perfumes, bath preparations, hair products (including shampoos, conditioners, hair treatments, hair dyes, and styling gels), and others. Cosmetic Warriors' marks are further used in connection with catalog and retail store services, including consultations and providing recommendations to customers about skin care, hair care, and the like.

9. Between 1995 and 2002, LUSH branded products were sold to customers in the United States, through Cosmetic Warriors' licensees, via a mail order catalog (called the "LUSH TIMES") and retail websites. The first LUSH branded retail store opened in the U.S. in San Francisco, California, in December 2002.

10. Cosmetic Warriors also uses the LUSH mark in connection with salon and spa services including, but not limited to, its LUSH Spas located in Philadelphia, Pennsylvania, and New York, New York. At these salon spas, the LUSH mark is used in connection with a wide range of salon and spa services including, but not limited to, facials, massage, hair treatments, nail treatments, salon services, aromatherapy services, trichology services, beauty demonstrations, counseling, advising, and informational services in the field of beauty and cosmetics.

11.     Cosmetic Warriors and its licensees have for many years been expanding the LUSH brand's retail locations as well as its salon and spa locations in the United States. Such expansion continues to this day.

12.     Cosmetic Warriors owns, among others, the following United States Trademark Registrations:

| MARK | REGISTRATION NO. | REGISTRATION DATE |
| --- | --- | --- |
| LUSH | 2,282,428 | October 5, 1999 |
| LUSH | 2,853,483 | June 15, 2004 |
| LUSH | 3,001,303 | September 27, 2005 |
| LUSH | 3,008,685 | October 25, 2005 |
| LUSH FRESH HANDMADE COSMETICS and Design | 3,102,767 | June 13, 2006 |
| LUSH | 3,987,808 | July 5, 2011 |
| LUSH | 4,118,438 | March 27, 2012 |

A copy of each of these registrations is attached as **Exhibits A-G**.

13.     Cosmetic Warriors has given notice of its registered rights in its marks by using the ® symbol in connection with its registered trademarks.

14.     Cosmetic Warriors' registered LUSH marks are valid and subsisting, and are *prima facie* evidence of Cosmetic Warriors' exclusive right to use said mark in commerce on the goods and services specified in each registration. In addition, at least Reg. Nos. 2,282,428; 2,853,483; 3,001,303; 3,008,685; 3,102,767; 3,987,808; and 4,118,438 are incontestable under Section 15 of the Lanham Act (15 U.S.C. § 1065), and are therefore conclusive evidence of the validity of the registered marks, of registration of the marks, of Cosmetic Warriors' ownership of

the marks, and of Cosmetic Warriors' exclusive right to use the marks in commerce under Section 33(b) of the Lanham Act (15 U.S.C. § 1115(b)).

15. United States Trademark Registration No. 3,987,808 was filed on November 4, 2005, and granted on July 5, 2011, for LUSH in connection with hair salon and spa services. Through licensees, Cosmetic Warriors has used the LUSH mark in connection with all the services identified in its Reg. No. 3,987,808 for many years without interruption.

16. Cosmetic Warriors and its licensees have expended a substantial amount of money and effort in advertising and promoting the LUSH mark and brand. The LUSH brand is among the most innovative and creative providers of cosmetics, soaps, hair products, bath products, perfumes, lotions, related products and salon/spa services in the world today, and its products and services are frequently imitated. Cosmetic Warriors and its LUSH mark are well known and consumers have come to know, rely upon, and recognize the LUSH mark as identifying its branded products, retail stores, salons, and spas. As a result of these substantial promotional, advertising, publicity, and public relations activities, the LUSH mark has acquired substantial goodwill and is an extremely valuable commercial asset.

17. Cosmetic Warriors' LUSH mark is distinctive and is inherently distinctive, serving to identify and indicate the source of Cosmetic Warriors' products to the consuming public, and to distinguish Cosmetic Warriors' products and services from those of others.

18. Cosmetic Warriors also has common-law rights in the LUSH mark in New Jersey and throughout the United States.

### B.   The Defendant's Unlawful Conduct

19. Defendant, with constructive and, upon information and belief, actual knowledge of Cosmetic Warriors' LUSH mark, began operating a hair salon and advertising, promoting, selling, and offering beauty and hair salon services, makeup services, massage services, and,

upon information and belief, cosmetic products under the mark LUSH. Examples of Defendant's use of the LUSH mark are attached as **Exhibit H**.

20. Defendant, with constructive and, upon information and belief, actual knowledge of Cosmetic Warriors' LUSH mark, uses the LUSH mark in its web address www.lushhairandcolordesign.com and on social media accounts (*e.g.*, Facebook).

21. Upon information and belief, Defendant sells and offers for sale under the LUSH mark hair salon services and products in New Jersey and in interstate commerce. Defendant also promotes its hair salon services and beauty products *inter alia* via its website and on social media. Defendant displays the name LUSH in large letters on its store signage and website advertising.

22. In an effort to resolve this matter without litigation, Cosmetic Warriors has been corresponding with Defendant since as early as May 2017 regarding Cosmetic Warriors' LUSH mark and Defendant's infringement.

23. As a result of this correspondence, Defendant has had actual notice of Cosmetic Warriors' superior rights in the LUSH mark and its objection to Defendant's use of the LUSH mark no later than May 2017. Since receiving such notice, Defendant has taken no steps to cease use of its infringing LUSH mark.

24. Defendant is aware of the vast and valuable goodwill and reputation represented and symbolized by Cosmetic Warriors' LUSH mark. Defendant also is aware that Cosmetic Warriors' consumers and potential consumers rely upon Cosmetic Warriors' LUSH mark as distinguishing Cosmetic Warriors' products and services from the products and services of others.

25. Defendant's use of the LUSH mark has always been and continues to be without the permission, consent, or authority of Cosmetic Warriors.

### C. Effect Of Defendant's Conduct On Cosmetic Warriors And The Consuming Public

26. Defendant's LUSH mark is identical in sight, sound, and commercial impression to Cosmetic Warriors' LUSH mark.

27. Defendant's LUSH mark is used on the same or similar types of goods and services as those on which Cosmetic Warriors' LUSH mark is used. Upon information and belief, Defendant sells hair care and/or skin care products that compete directly with Cosmetic Warriors' product line. Cosmetic Warriors operates in the same geographic area now served by Defendant. Indeed, Defendant's hair salon operating under the LUSH mark is located less than twenty miles from one of Cosmetic Warriors' LUSH branded retail shops. There are currently at least nine LUSH branded retail shops in the State of New Jersey. Cosmetic Warriors' LUSH branded products are also sold to customers nationwide and throughout New Jersey via the Internet and a mail order catalog.

28. Defendant provides salon and spa services that are the same as, or closely related to and overlapping with, all goods and services provided under Cosmetic Warriors' LUSH mark.

29. Defendant's products and services advertised, promoted, offered for sale, or sold under the LUSH mark and derivatives of that mark are offered and/or promoted in the same channels of trade as Cosmetic Warriors' products and services under Cosmetic Warriors' LUSH mark. Defendant and Cosmetic Warriors advertise, promote, and offer their products and services to consumers in New Jersey and across the United States, including through websites located on the Internet. Cosmetic Warriors' and Defendant's advertising and promotional materials are directed to the same or similar consumers.

30. Defendant's continued use of the LUSH mark and derivatives of that mark on its websites, in its advertising and promotional materials, on its signage, and on its products is likely to diminish the goodwill associated with Cosmetic Warriors' LUSH mark.

31. Defendant's products and services under the LUSH mark and derivatives of that mark are being provided and/or promoted, and are likely to continue being provided and/or promoted, throughout the same geographic markets as Cosmetic Warriors' products and services. Defendant derives and will continue to derive substantial revenue from its products and services provided under the LUSH mark and derivatives of that mark, all without the permission, authority, or consent of Cosmetic Warriors.

32. Defendant's unauthorized use of the LUSH mark and derivatives of that mark is likely to cause confusion or mistake or to deceive consumers into believing that Defendant's unauthorized products and services advertised, promoted, and offered under the LUSH mark and derivatives of that mark are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Cosmetic Warriors or that Cosmetic Warriors' products and services offered under Cosmetic Warriors' LUSH mark are sponsored, licensed or authorized by, or affiliated, connected, or otherwise associated with Defendant when the same is not true.

33. Defendant's continued use of the LUSH mark and derivatives of that mark is with full knowledge of the prior ownership by Cosmetic Warriors of the LUSH mark, of Cosmetic Warriors' rights to use and control the use of such mark, and of Cosmetic Warriors' objections to Defendant's own continued use of the LUSH mark.

34. Defendant has acted and continues to act without regard to Cosmetic Warriors' trademark rights and goodwill in the LUSH mark.

35. As a result of Defendant's unauthorized use of the LUSH mark and derivatives of that mark, Defendant is being unjustly enriched at Cosmetic Warriors' expense, and Cosmetic Warriors is being damaged.

36. Defendant's unauthorized use of the LUSH mark and derivatives of that mark in association with its products and services has significantly injured Cosmetic Warriors' interests. Specifically, Defendant (a) has traded upon and threatens to further trade upon the significant and valuable goodwill in Cosmetic Warriors' LUSH mark; (b) is likely to cause public confusion as to the source, sponsorship, or affiliation of Defendant's products or services; (c) has damaged and threatens to further damage Cosmetic Warriors' significant and valuable goodwill in Cosmetic Warriors' LUSH mark; (d) has injured and threatens to further injure Cosmetic Warriors' right to use Cosmetic Warriors' LUSH mark as the exclusive indicia of origin of Cosmetic Warriors' bath, hair, skin, and beauty products and services, and salon/spa services, in New Jersey and throughout the United States; and (e) has lessened the capacity of Cosmetic Warriors' LUSH mark to indicate that its products and services are sponsored by Cosmetic Warriors.

37. Unless these infringing acts by Defendant are restrained by this Court, they will cause irreparable injury to Cosmetic Warriors and to the public, for which there is no adequate remedy at law.

### D.  **Willful Nature Of Defendant's Infringement And Unfair Competition**

38. Defendant's acts of infringement and unfair competition complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Cosmetic Warriors' rights. In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement

39. Cosmetic Warriors repeats the allegations of paragraphs 1-38 of this Complaint as if fully set forth herein.

40. The acts of Defendant complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval and therefore constitute federal trademark infringement in violation of 15 U.S.C. § 1114(1). By reason of Defendant's bad faith and willful infringement, Cosmetic Warriors is entitled to recover actual damages, treble damages, an accounting for Defendant's profits, attorney fees, the costs of this litigation pursuant to 15 U.S.C. § 1117, and injunctive relief pursuant to 15 U.S.C. § 1116.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition

41. Cosmetic Warriors repeats the allegations of paragraphs 1-40 of this Complaint as if fully set forth herein.

42. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Cosmetic Warriors is entitled to recover actual and treble damages, attorney fees, the costs of this litigation pursuant to 15 U.S.C. § 1117, and injunctive relief pursuant to 15 U.S.C. § 1116.

## THIRD CLAIM FOR RELIEF
### Trademark Infringement And Unfair
### Competition Under New Jersey Statute 56:3-13.16 *et seq*.

43. Cosmetic Warriors repeats the allegations of paragraphs 1-42 of this Complaint as if fully set forth herein.

44. Defendant has violated and infringed Cosmetic Warriors' trademark rights in the LUSH mark, and has used, without the consent of the owner, a mark that is a reproduction, counterfeit, copy, or colorable imitation of a mark owned by Cosmetic Warriors in connection

with the sale of goods and services in New Jersey in a manner likely to cause confusion, deception, or mistake as to the source of the goods and services and has used the same on labels, signs, and in advertising in violation of the law of New Jersey. Cosmetic Warriors is entitled to the remedies provided therein.

### FOURTH CLAIM FOR RELIEF
### Unfair Competition Under The Common Law Of New Jersey

45. Cosmetic Warriors repeats the allegations of paragraphs 1-44 of this Complaint as if fully set forth herein.

46. By engaging in the foregoing acts, Defendant has knowingly engaged in unlawful passing off and competed unfairly with Cosmetic Warriors in violation of the common law of unfair competition in the State of New Jersey.

47. Cosmetic Warriors is entitled to recover actual and punitive damages for Defendant's unfair competition.

### PRAYER FOR RELIEF

WHEREFORE, Cosmetic Warriors prays that:

A. Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be permanently enjoined from using the LUSH mark, and any other mark that is confusingly similar to or derived from the LUSH mark;

B. Defendant be ordered to transfer ownership of the domain name www.lushhairandcolordesign.com, as well as any other domain name that incorporates the LUSH mark or any other mark that is confusingly similar to or derived from the LUSH mark, to Cosmetic Warriors;

C. Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to modify all signage, marketing materials, internet and social media content, packaging and promotional material to eliminate the LUSH mark, and any other mark that is confusingly similar to or derived from the LUSH mark;

D. Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to deliver to the Court for destruction, or show proof of destruction of, any and all labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in Defendant's possession or control that use the LUSH mark, and any other mark that is confusingly similar to or derived from the LUSH mark;

E. Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to take all reasonably available steps to remove the LUSH mark, and any other mark that is confusingly similar to or derived from the LUSH mark, as a designator of Defendant's salon from any listing in any business directory, yellow pages, Internet directory, Facebook page, Instagram account, social media of any and all kinds, and any other listing or promotion service as well as with the New Jersey Secretary of State, the State of New Jersey Department of Law & Public Safety Division of Consumer Affairs, and the New Jersey State Board of Cosmetology and Hairstyling with respect to any license to operate on file therewith;

F. Defendant be ordered to file with this Court and to serve upon Cosmetic Warriors within thirty (30) days after the entry and service on Defendant of an injunction, a report in

writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

G. Cosmetic Warriors recover all damages it sustains as a result of Defendant's infringement and unfair competition, and that said damages be trebled;

H. An accounting be directed to determine Defendant's profits resulting from Defendant's activities complained of herein, and that such profits be paid over to Cosmetic Warriors, increased as the Court finds to be just under the circumstances of this case;

I. Defendant and all others acting in concert with it be directed to pay punitive damages to deter Defendant and all others similarly situated from like unlawful conduct in the future due to Defendant's unfair competition;

J. Cosmetic Warriors recover its reasonable attorney fees;

K. Cosmetic Warriors recover its costs of this action and prejudgment and post-judgment interest; and

L. Cosmetic Warriors recover such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), Cosmetic Warriors hereby demands a trial by jury on all issues triable as of right by a jury.

               Respectfully submitted

               LERNER, DAVID, LITTENBERG,
                KRUMHOLZ & MENTLIK, LLP
               *Attorneys for Plaintiff*
                *Cosmetic Warriors Limited*

Dated: May 24, 2018    By: s/ Gregg A. Paradise
               Gregg A. Paradise
               Tel: 908.654.5000
               E-mail: gparadise@lernerdavid.com
                  litigation@lernerdavid.com

**OF COUNSEL**
Eric R. Chad
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215
Tel: 612.336.4742
Fax: 612.332.9081
E-mail: EChad@merchantgould.com

Ian G. McFarland
Merchant & Gould P.C.
9717 Cogdill Road, Suite 101
Knoxville, TN 37932
Tel: 865.380.5990
E-mail: imcfarland@merchantgould.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

  The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

               LERNER, DAVID, LITTENBERG,
                KRUMHOLZ & MENTLIK, LLP
               *Attorneys for Plaintiff Cosmetic Warriors Limited*

Dated: May 24, 2018    By: s/ Gregg A. Paradise
               Gregg A. Paradise
               Tel: 908.654.5000
               E-mail: gparadise@lernerdavid.com
                  litigation@lernerdavid.com